## RICHARDS AND ALFRED v. EDWARD BURKE.

Article 2497 of the code, which excludes from the class of redhibitory vices those defects which are apparent, does not relate to such defects as are concealed by reason of the thing purchased being in a box, barrel or package.

Where the plaintiff purchased potatoes, in barrels, and shipped them to Shreveport, and, on opening the barrels there, the potatoes were found to be in a rapidly decaying condition, it was held, that the plaintiff could rescind the sale without offering to return them.

APPEAL from the First District Court of New Orleans, *Larue*, J. *Wolfe* and *Singleton*, for plaintiffs. *Frank Haynes*, for defendant. By the court:

PRESTON, J. In February, 1851, the defendant sold to the plaintiffs a lot of one hundred and fifty barrels of Irish potatoes, for $2 30 a barrel, amounting to three hundred and forty-five dollars. They were immediately shipped to Shreveport, and on arriving 'there, after an ordinary passage of three or four days, were sold to a merchant of that place for $3 20 a barrel. But on examination they were found to a great extent rotten, and so worthless, that he refused to receive them.

The plaintiffs allege, that they were unsound when purchased, and claim from this defendant, their vendor, the price they could have obtained for them at Shreveport, if sound, as damages.

The district court, on conflicting testimony, has determined that the potatoes were unsound when sold. On this question of fact, the testimony produces the same impression on our minds; and, at all events, we could not disagree with the conclusions of that court, unless the testimony was clearly unsatisfactory.

It is said the defect, if it existed, was apparent, and therefore the redhibitory action cannot be maintained. The article of the code relied upon, relates to such defects as are apparent to the senses, without opening boxes, barrels or packages, to discover them by examination, and not to those which are concealed without this examination.

For the same reason, the fact that the master of the steamboat shipped the article as in good order, is no evidence of its intrinsic quality. The bill of lading referred only to the external condition of the barrels. The shipper could not recover on it for the unsoundness of the article.

The potatoes having been found, at Shreveport, in a rotten and rapidly decaying condition, were immediately disposed of at auction and otherwise. The evidence is conclusive, that the best · disposition possible, was made of those which are accounted for. The suggestions so much pressed by the defendant's counsel, that they should have been stored at Shreveport on account of the defendant, and notice given to him; or, that they should have been reshipped to New Orleans and tendered back to the defendant, are entirely out of the question, under the circumstances. The master of the boat testifies, that he would not have brought them back to New Orleans for them.

There is no evidence that the defendant knowingly concealed the unsoundness of the potatoes from the plaintiffs, or in any other respect acted in bad faith. The district court erred, therefore, in allowing as damages the price for which they might have been sold, if sound, at Shreveport. The plaintiffs are entitled only to the price they gave, deducting the net proceeds of those for which they account, and the price, per barrel, of those for which no account is rendered.

The account will stand as follows: The price received by the defendant for 150 barrels of potatoes, $345. Deduct the net proceeds of sales at Shreveport, $66 73. Thirty barrels unaccounted for, at the original price, $68 70—$136 03. Due by the defendant, $208 97.

The judgment of the district court is reversed; and it is decreed, that the plaintiffs recover from the defendant the sum of two hundred and eight dollars three cents, with interest from the 7th of May, 1851, till paid, and costs in the district court. The plaintiffs and appellees are condemned to pay the costs of the appeal.